IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| ) | |
| Plaintiff,    ) | |
| ) | |
| vs.    ) | Case No. 96-CR-40027-MJR |
| ) | |
| ANTHONY DAWON TAYLOR,    ) | |
| ) | |
| Defendant.    ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Sentenced by Judge William L. Beatty (who is now deceased) in November 1996, Anthony Dawon Taylor (Defendant) filed a pro se motion for a sentence reduction pursuant to 18 U.S.C. 3582(c)(2) and Amendment 782 to the U.S. Sentencing Guidelines. The undersigned appointed Assistant Federal Public Defender Daniel Cronin to review the pro se motion and either supplement the filing or, if Mr. Cronin concluded there was no valid basis on which a sentence reduction could be granted, move to withdraw as defense counsel.

On May 17, 2015, Mr. Cronin moved to withdraw, explaining that there was no non-frivolous ground on which to advocate for an Amendment 782 sentence reduction, because Defendant was sentenced as a career offender, and no Amendment 782 relief was possible.[1]

---

[1] Amendment 782 reduced (by two) the base offense level for most drug offenses listed in U.S. Sentencing Guideline 2D1.1(c). It applies retroactively (effective November 1, 2015). But Amendment 782 did *not*

1

The Court entered an Order (a) directing Defendant to show cause why the Court ought not grant Cronin's motion to withdraw and deny Defendant's pro se motion to reduce sentence, and (b) directing Plaintiff USA to weigh in on the issue. Defendant responded on June 5, 2015 (Doc. 60).  The USA responded on June 23, 2015 (Doc. 62).

The USA agreed with Cronin's assessment that the career offender Guideline was applied in Defendant's sentencing (he had two predicate qualifying felony convictions) and that Defendant was not eligible for Amendment 782 reduction.  But the USA noted some confusion in the record as to the issue of whether Defendant was sentenced under U.S.S.G. 2D1.1 or U.S.S.G. 4B1.1 – confusion which could be resolved by reviewing the sentencing transcript.  The USA offered to obtain the transcript (from the Federal Records Center) and file a supplemental response.  The undersigned set an August 21, 2015 deadline for the USA to file the supplemental response.

On July 2, 2005, the Clerk's Office of this Court received a letter from Defendant dated a week earlier.  Direct contact by a party (including a defendant in a closed

---

change U.S. Sentencing Guideline 4B1.1, the career offender Guideline.  *See* **U.S.S.G. app. C., at 74 (2014).**  "When a defendant has been sentenced as a career offender under § 4B1.1, his base offense level under § 2D1.1 plays no role in the calculation of his guideline range."  ***United States v. Rodriguez*, -- F.3d --, 2015 WL 4036156, \*1 (11th Cir. July 2, 2015).**  In other words, if a career offender status determined a defendant's base offense level, as opposed to the quantity of drugs involved in his offense, Amendment 782 would not alter the sentence imposed.  *See also **United States v. Thomas*, 775 F.3d 982, 983 (8th Cir. 2014) (Amendment 782 did not lower the sentencing range for a career offender by § 4B1.1, so a career offender's applicable guideline range would be unaffected by Amendment 782.)**

2

criminal case) with the Judge is improper ex parte communication.  Requests for relief must be presented via motion, with copies provided to opposing counsel.  And, as a general rule, such motions should be filed only through counsel, not pro se by a party who has an attorney.

Here, however, Mr. Cronin has moved to withdraw, and the Court awaits the USA's supplemental response on that motion.  So the Court will permit Defendant's letter to be **docketed as a pro se motion to stay**.  The letter/motion asks the Court to "hold in abeyance" (that is, stay) resolution of Defendant's Amendment 782 motion to reduce sentence, pending the U.S. Supreme Court's decision in *Johnson v. United States.*  The Court **DENIES** the motion to stay pending that ruling, because the *Johnson* opinion was handed down on June 26, 2015.  *See Johnson v. United States, -- U.S. --,* **2015 WL 2473450 (June 26, 2015) (holding that an increased sentence under the residual clause of the Armed Career Criminal Act is unconstitutional).**  The decision in *Johnson* does not warrant staying resolution of Defendant's pro se Amendment 782 motion.[2]

However, the Court **DIRECTS** both attorney Cronin and counsel for the USA to file a short memo **by August 21, 2015** stating their respective positions on whether –

---

[2] Defendant also notes that he intends to file a "habeas corpus motion" challenging the predicate offenses used to enhance his sentence.  He also asserts that the terminology in the armed career criminal act (which he refers to as a guideline not a statute) is interchangeable with the career offender guideline.  The Court expresses no opinion on whether a habeas petition (under 28 U.S.C. 2255 or otherwise) would be timely.

*assuming* ***Johnson*** has retroactive application – Defendant would qualify for any sentence reduction via 18 U.S.C. 3582.

IT IS SO ORDERED.

DATED July 6, 2015.

*s/ Michael J. Reagan*
Michael J. Reagan
Chief Judge
United States District Court
