IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 96-CR-40027-MJR |
| | ) |
| ANTHONY DAWON TAYLOR, | ) |
| | ) |
| Defendant. | ) |

# ORDER ON MOTION TO RECONSIDER

**Reagan, Chief Judge:**

Following his conviction for conspiring to distribute and distributing crack cocaine, Anthony Dawon Taylor was sentenced by Judge William Beatty in November 1996. The sentence included a total term of 360 months in prison, followed by five years of supervised release. Docketing information indicates that he filed a petition to vacate or correct that sentence under 28 U.S.C. 2255 in 1998 (Case No. 98-cv-4207), and Judge Beatty denied the requested relief. The United States Court of Appeals for the Seventh Circuit affirmed in April 2002. *See Taylor v. United States*, **287 F.3d 658 (7th Cir. 2002).**

In January 2015, Taylor filed in his closed criminal case (Case No. 96-CR-40027) a *pro se* motion to reduce his sentence under 18 U.S.C. 3582 and Amendment 782 to the United States Sentencing Guidelines (Doc. 53). Assistant Federal Public Defender Daniel G. Cronin entered an appearance for Defendant Taylor, to review and assess the pro se motion, in accordance with this District's Administrative Order No. 167.

In May 2015, attorney Cronin moved to withdraw, after determining that there was no meritorious basis for obtaining the sentence reduction Defendant sought under Amendment 782. The Court directed Defendant to show cause why the undersigned should not grant attorney Cronin's motion to withdraw and deny Defendant's pro se motion for sentence reduction. Defendant timely filed a response to the show cause Order on June 5, 2015. On July 2, 2015, Defendant filed a separate *pro se* motion (Doc. 64) raising a then-pending case before the United States Supreme Court. Three weeks later, the Supreme Court issued its opinion in that case, **Johnson v. United States, -- U.S. --, 135 S. Ct. 2251 (June 26, 2015),** declaring unconstitutional the residual clause of the Armed Career Criminal Act, 18 U.S.C. 924(e)(2)(B). On July 6, 2015, the Court directed counsel to address whether **Johnson** had any application or provided a ground for Defendant Taylor to seek a sentencing reduction herein.

Counsel filed their briefs on July 20, 2015 and August 21, 2015. Counsel for the Government and for Defendant concurred that – based on the information about Defendant's prior convictions contained in Defendant's Presentence Investigation Report (PSR) – no relief would be available to Defendant under **Johnson**, because neither of Defendant's two predicate offenses was based on the residual clause of either the ACCA (struck down in **Johnson**) or the U.S. Sentencing Guidelines (under which Defendant was sentenced).

In an August 26, 2015 Order, the undersigned concluded that (a) there was no basis to grant Defendant's motion for sentence reduction under Amendment 782, and (b) the record before the Court indicated that **Johnson** furnished no basis on which

Defendant could seek a sentence reduction (in this criminal case or via petition to vacate/set aside sentence under 28 U.S.C. 2255), because his prior convictions for burglary and assault with a dangerous weapon (Case 90-CM-149) and aggravated battery with a firearm (Case 94-CV-125) fell under other provisions of the Guidelines, *not* the residual clause of the career offender Guideline (Doc. 70, pp. 5-7):

> … [N]either of Defendant's predicate offenses supporting the career offender classification involved the residual clause [of the ACCA statute] invalidated in *Johnson*.… [A]ssuming arguendo that *Johnson* reaches and invalidates the residual clause in the *Guidelines*, Defendant Taylor was not sentenced under the residual clause of the Guidelines, so *Johnson* does not help him…. Defendant's classification as a career offender was based on two prior felony convictions which are both crimes of violence, as that term is defined in U.S.S.G. § 4B1.2(a)….
>
> Burglary falls under the **enumerated crimes clause** of both the Guidelines and the ACCA -- § 4B1.2(a)(1) and 18 U.S.C. 924(e)(2)(B)(ii). Aggravated battery with a firearm falls under the **elements clause** of both the Guidelines and the ACCA -- § 4B1.2(a)(1) and 18 U.S.C. 924(e)(2)(B)(i). No **residual clause** (of the ACCA or the Sentencing Guidelines) was used in sentencing Defendant, so *Johnson* does not offer any basis on which to reduce Defendant's sentence.

So, on August 26, 2015, the Court granted defense counsel Cronin's motion to withdraw and denied Taylor's motion to reduce sentence under Amendment 782. The following day, attorney Cronin filed a motion to reconsider (Doc. 71). The motion does not take issue with the undersigned's ruling on the motion to reduce sentence under Amendment 782. It focuses on the *Johnson* issue touched upon in the August 26th Order. Attorney Cronin explains that he received a document which *may* call into question whether Defendant's 1994 conviction (following his August 1994 arrest for

Aggravated Battery with a Firearm) was actually a conviction under the elements clause of U.S.S.G. 4B1.2(a)(1).  Defense counsel seeks 30 days in which to obtain documents from Alexander County Illinois Circuit Court to verify the precise nature of the charge to which Defendant pled guilty in that court in Case No. 94-CR-125 and supplement the motion to reconsider, if necessary or appropriate.

The Court hereby **GRANTS in part** and **DENIES in part** the motion to reconsider (Doc. 71).  Mr. Cronin may obtain and review the plea records relating to the predicate offenses to determine whether the information before the Court (including the PSR summary of Defendant's prior convictions) was inaccurate or incomplete.  However, if attorney Cronin discovers a valid basis on which to seek a sentence reduction under *Johnson*, a motion in this closed criminal case is not the route to do so.  Recent caselaw suggests that such requests are best presented by filing a petition to vacate, set aside, or correct sentence under 28 U.S.C. 2255.  Section 2255 petitions are opened as fresh civil proceedings.  A one-year statute of limitations governs § 2255 petitions, including petitions based on rights newly-recognized by the Supreme Court.  *See* **28 U.S.C. 2255(f)(3)**.  And, if a defendant previously filed a § 2255 petition, he cannot file a second (or successive) § 2255 petition without *first* obtaining authorization from the Court of Appeals.  *See* **28 U.S.C. 2255(h).**

Simply put, if AFPD Cronin discovers a basis on which to seek a sentence reduction based on *Johnson*, he may file a § 2255 petition here.  And if that would be a second or successive petition, he must first obtain an order from the appropriate Court of Appeals authorizing this District Court to consider that petition.  Any second or

successive petition filed without authorization of the Court of Appeals would have to be denied for lack of jurisdiction by this Court.

To the extent that the August 26, 2015 Order denying Defendant's Amendment 782 motion expressed an opinion on the merits of a future or potential *Johnson*-based § 2255 petition, the Court **CORRECTS and CLARIFIES** that no § 2255 petition was pending.  The parties weighed in on the issue of whether *Johnson* affected the pending Amendment 782 motion or otherwise provided a basis for sentencing reduction in this closed criminal case, and the Court found that – *on the record then before the Court, Johnson* had no application and did not support Defendant's motion for sentencing reduction at Doc. 53.

As to the last phrase of the sentence in the August 26, 2015 Order (Doc. 70, p. 2; emphasis added) which stated that "no relief is available to Defendant under *Johnson, whether the argument is presented by motion in this closed criminal case or by separately filed civil petition to vacate or correct sentence under 28 U.S.C. 2255*," the Court **CLARIFIES** that that language was unnecessary to its ruling on the Amendment 782 motion and was better omitted.  The August 26, 2015 Order does not preclude a properly-authorized second or successive § 2255 petition, and the August 26, 2015 Order does not rule on the merits of any such future-filed petition.  If the records and information obtained by attorney Cronin reveal information different from or additional to that contained in this criminal case (e.g., the PSR and documents on which the parties and the Court relied in describing Defendant's predicate offenses), Defendant can present those arguments in a timely, authorized § 2255 petition.

Accordingly, the Court **GRANTS IN PART and DENIES IN PART** attorney Cronin's August 27, 2015 motion to reconsider (Doc. 71).

IT IS SO ORDERED.

DATED August 28, 2015.

<u>s/ Michael J. Reagan</u>
Michael J. Reagan
United States District Judge